Kirk Stewart v. Commissioner.
Stewart v. Commissioner
Docket No. 19056.
United States Tax Court
1949 Tax Ct. Memo LEXIS 31; 8 T.C.M. (CCH) 998; T.C.M. (RIA) 49274; November 22, 1949
*31 With full knowledge of the petitioner's correct address, the Commissioner sent by registered mail a notice of deficiency, having the petitioner's name and address as its inside address, to the petitioner's attorney at his own address. A power of attorney executed by the petitioner to his attorney did not confer authority to receive the notice of deficiency but requested that copies of communications relating to his authorized acts be sent to him. The proceeding is dismissed for lack of jurisdiction. Roy F. Andes, Esq., for the petitioner. Norment Custis, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: This proceeding was heard on the petitioner's motion to dismiss on the ground that the respondent has never made a determination of any deficiency in income tax against the petitioner, as required by law. [The Facts] The petitioner predicates his position on two alleged questions of fact: 1. The statutory notice, the 90-day notice of deficiency, was not served on the petitioner pursuant to the requirements of the Internal Revenue Code, as interpreted by this and other Courts. 2. The statutory notice of deficiency mailed to *32 the petitioner's counsel contained no schedule, no statement or evidence of the Commissioner's method of determining the deficiency, no ground on which the tax was based, no computation of the proposed additional tax, no reference to prior findings by him or his agents or any other supporting data. The notice of deficiency was in the usual form; its inside address was to "Dr. Kirk Stewart, 904 Stroh Bldg., Detroit, Mich."; it was dated March 10, 1948; it stated a deficiency of $9,112.41 for the taxable years 1944, 1945 and 1946; it was enclosed in an envelope addressed to the petitioner's counsel, Mel W. Werden, 7310 Woodward Avenue, Detroit, Michigan, and it was sent to Werden by registered mail. The letter stated: "You are advised that the determination of your income tax liability for the taxable year 1944-1945-46 discloses a deficiency of $9112.41, as shown in the attached statement." There were attached to the letter three copies of Form 870, a "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax." The forms showed income tax deficiencies for the years 1944, 1945 and 1946 in the sums of $3,661.53, $3,121.54 and $2,329.34, respectively, or a total of *33 $9,112.41. The letter contained no other documents or enclosures whatever. On February 4, 1948, in response to a 10-day letter, dated January 27, 1948, and received by the petitioner, Werden conferred with Richard F. Okie, a member of the Audit Review Board of the office of the Collector of Internal Revenue of the District of Michigan. At that conference, Okie requested that Werden file a copy of his Power of Attorney from the petitioner. That document was duly so filed and is as follows: "POWER OF ATTORNEY "KNOW ALL MEN BY THESE PRESENTS, That the undersigned DR. KIRK STEWART, does by these presents hereby make, constitute and appoint MEL W. WERDEN his true and lawful attorney for him and in his name and stead, to represent him in connection with all income and other federal taxes, and in particular in connection with the proposed deficiency for the calendar years 1943, 1944, 1945, and 1946, now pending before the department. "The aforesaid attorney is authorized to appear for the grantor before the Bureau of Internal Revenue in the United States Treasury Department, before the Internal Revenue Agent in Charge at Detroit, Michigan, or the Collector of Internal Revenue at Detroit, *34 or any of them or their subordinates or assistants, before the United States Tax Court or before any other department, agency or tribunal, which has or which may acquire jurisdiction over any matter pertaining to or arising out of its tax liability. "The said attorney is authorized to examine and secure copies of all income tax or other returns, all claims, corresponddence reports or other data or documents pertaining to or connected with its tax liability. He is empowered to execute, acknowledge and file, on behalf of the grantor, all claims, protests, petitions or other documents, and to receive, but not to endorse any warrants which may be issued in the name of the said grantor, arising out of any re-determination of tax liability. "He is authorized to prosecute any and all actions, appeals or claims arising out of the aforesaid tax liability and in particular the proceedings necessary to defeat the proposed deficiency now pending before the Department, and to do any and all acts in connection therewith as fully to all intents and purposes as the grantor itself might or could do. "The aforesaid attorney is vested with the full power of substitution and revocation, and all *35 powers of attorney hitherto granted in connection with the aforesaid tax liability are hereby revoked, cancelled and annulled, and the grantor hereby ratifies, accepts, and confirms any and all acts that the said attorney shall lawfully do or cause to be done by virtue hereof. "It is requested that a copy of all communications regarding any matter in which the said attorney is authorized to act be addressed to MEL W. WERDEN, 7310 Woodward Avenue, Detroit 2, Michigan. "IN WITNESS WHEREOF the undersigned has caused this instrument to be executed this 6th day of February, 1948. "(signed) Dr. Kirk Stewart Dr. Kirk Stewart" A 30-day letter, dated February 9, 1948, was issued by the Collector and addressed to the petitioner. No schedules, statements or other basis for imposing additional taxes were attached or enclosed with the letter. On February 19, 1948, the Collector addressed a letter to the petitioner and mailed it to Werden. The letter stated, "Attached herewith is the technical report and Forms 872 which were erroneously omitted on the 30-Day letter dated February 9, 1948." The report and form show the basis of the deficiency. Okie followed the usual office procedure *36 of the Collector's office in that he authorized an office employee to send a statutory notice of deficiency to the petitioner. In his petition, the petitioner alleged that he believed that the notice of deficiency was mailed to him on March 10, 1948. In respondent's answer he avers that the pages attached to the copy of the notice of deficiency (attached to the petition) were not in fact copies of the pages comprising the statement attached thereto. [Opinion] The situation before us can be resolved into a single, simple primary question: Did the respondent conform to the statutory requirements, [1] when he sent by registered mail a formal notice of deficiency to the taxpayer's counsel instead of to the taxpayer? Counsel for respondent admitted at the hearing that petitioner Stewart never received the original 90-day letter or a copy of it. *37 We may dismiss from consideration the issuance of the 10-day and 30-day letters together with the more or less detailed statements of the Commissioner's views concerning certain items which he claimed, resulted in increased income due to unallowable deductions or otherwise. Such statements were in no way related to the notice of deficiency. They were not attached thereto and they were not mentioned therein. Only the waiver, Form 870, was attached and that form contained no information in addition to that imparted by the notice of deficiency. It is a well-settled rule of law that when a statute limits the way in which a thing may be done it negatives any other mode of action. . In the case at bar we find that the Commissioner was aware of the petitioner's address (as shown by the several communications whose inside address disclosed it) but he chose to send the notice of deficiency to the petitioner's counsel at the latter's address. Many cases hold that a notice of deficiency must be mailed to the taxpayer by registered mail at his last-known post office address. See, ; ; *38 ; ; . The respondent failed to follow the prescribed procedure. He rightly argues that the proper address for mailing the notice of deficiency is a question of fact in each case, but he offers no explanation why he did not use the petitioner's address, 904 Stroh Building, Detroit, Michigan, which he obviously knew to be his correct address. He construes the petitioner's execution of the power of attorney to Werden as a request for a "change of address" made by the petitioner. We do not so consider it. Nothing contained in that instrument indicates or suggests such a request. In , the Board of Tax Appeals held that one of the essential factors in the proper mailing of the notice is that it be properly addressed to the person for whom it is intended. Here the address appearing on the envelope was not that of the petitioner. It would not be contended seriously that the hidden address shown on the letter itself could comply with this requirement. *39 Turning to the power of attorney which the respondent appears to deem sufficient to support his contention, we find that the petitioner authorized Werden to represent him in connection with the proposed deficiency, to appear before the Treasury Department and its several subdivisions and also before this Court, to prosecute actions and appeals arising out of the petitioner's proposed tax liability and particularly to defeat the deficiency "now pending before the Department". The instrument follows with the usual ratification clause and then requests that a copy of all communications (covered by the power) be addressed to Werden. There is no authorization given to Werden to accept the 90-day letter for the petitioner and no address of the petitioner is contained in it. Under the circumstances of the case at bar we hold that the Commissioner was required to send the notice of deficiency to the petitioner in strict accord with the statutory requirements. He did not do so. Hence the petition must be dismissed for lack of jurisdiction. Cf. ; (August 24, 1949). In a recent case, , *40 we had before us facts somewhat the converse of those appearing here and we concluded that the Commissioner was not required to mail the notice of deficiency to the petitioner in care of his attorney. There the petitioner gave the Commissioner not only the address of his attorney but his own address. The Commissioner mailed the notice of deficiency to the petitioner and a copy thereof to the attorney. We have no such situation here. The proceeding is dismissed for lack of jurisdiction. Footnotes
1. INTERNAL REVENUE CODE. SEC. 272. PROCEDURE IN GENERAL. (a) (1) Petition to Board of Tax Appeals. - If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * * the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, * * *↩